# EXHIBIT 4

AMERICAN ARBITRATION ASSOCIATION

CHADWICK HINES, individually )
and on behalf of similarly situated )
persons, )
)
              Claimant, )
)
v. )   Case No. 01-15-0003-4458
)
COWABUNGA, INC., and )
COWABUNGA THREE, LLC, )
)
            Respondents. )
)

## FINAL AWARD GRANTING APPROVAL OF
## THE COLLECTIVE ACTION SETTLEMENT AND DISMISSING
## THE ARBITRATION WITH PREJUDICE

This matter came before the Arbitrator on Claimant's Unopposed Motion for Approval of Collective Action Settlement in the above-captioned matter (the "Action"), seeking approval of the proposed Settlement and entry of final judgment.

After conducting a telephonic hearing on the Settlement and its terms, the Arbitrator grants approval of the Settlement and HEREBY ORDERS, ADJUDGES, AND MAKES THE FOLLOWING DETERMINATIONS:

1. The Arbitrator approves the Parties' Settlement upon the terms and conditions in the Settlement and Release Agreement, which he has carefully reviewed and considered. Public policy favors settlement. The Arbitrator finds the Settlement is fair, reasonable, and adequate after considering: the obstacles that exist if litigation

1

continues, including Respondents' pending appeal of the NLRB's decision striking their collective action waiver to the Eleventh Circuit, the parties' briefing of final certification and decertification, and a lengthy hearing on the merits; the fact that the settlement offers substantial, immediate relief to 564 low-wage workers (the average distribution is approximately $1,138.10 per delivery driver after attorneys' fees, costs and expenses, and the service award); the complexity of this Action, including the legal and factual issues regarding what constitutes a reasonable reimbursement rate; and the views of Counsel for both Parties, who have substantial experience in delivery driver litigation. The Arbitrator finds the extensive investigation and research conducted by the Parties, including their analysis of the Class Members' payroll and delivery data, led them to reasonably evaluate and understand their respective positions. The Arbitrator further finds that approving the Settlement will avoid substantial costs by the Parties, including numerous depositions and expensive vehicle costing experts. The Arbitrator also finds the Settlement has been reached after litigation of a *bona fide* dispute and as a result of intensive, arms-length negotiations involving an experienced, third-party neutral, Hunter Hughes. As such, the Arbitrator finds the Settlement is fair, adequate, reasonable, and in the best interest of the Class Members. The Arbitrator further finds the Settlement satisfies all fairness and adequacy factors set forth in the Eleventh Circuit's jurisprudence regarding resolution of claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA").

2. The Settlement Class Members consist of all 564 members of the conditionally certified FLSA collective action who have not withdrawn their consent to join this Action.

3. The Arbitrator approves as fair and reasonable the amounts requested by Claimant to be paid to Class Counsel for the services they have rendered, and expenses they have incurred, in prosecuting the Action in the amount of 33 1/3 % of the gross Settlement Amount, plus an additional amount for litigation costs and expenses totaling $14,443.04, which will be paid out of the gross Settlement Amount. The Arbitrator finds these amounts are reasonable in light of the number of hours expended, expenses incurred, and the result achieved by Class Counsel.

4. The Arbitrator approves a service award to Named Claimant Chadwick Hines as set forth in the Settlement and Release Agreement. The amount requested is fair and reasonable for the services performed by the Named Claimant, which included his efforts in initiating the claim on a collective action basis, litigating in numerous forums (including being sued by Respondents in federal court), refusing a substantial individual offer in favor of continuing to pursue claims on behalf of the Class Members, and assisting with the prosecution of the Action and negotiation of the Settlement on behalf of all Class Members.

5. The Arbitrator approves the disposition of the gross Settlement Amount.

Respondents are directed, upon approval of the federal court, to disburse the amount as set forth in the Parties' Settlement and Release Agreement.

6. The Arbitrator finds that Respondents have agreed to settle the Action without conceding liability, wrongdoing, or damages. Neither the Settlement, nor any exhibit, document or instrument delivered under the Settlement and Release Agreement, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement, shall be discoverable, or admissible in evidence, for any purpose, except as provided in the Settlement and Release Agreement.

7. Arbitrator and forum fees shall be paid as follows pursuant to Paragraph 3.C of the Parties' arbitration agreements: Claimants shall pay $500.00; and Respondents shall pay the remainder.

8. FINAL JUDGMENT is hereby ENTERED, DISMISSING WITH PREJUDICE the Action and the released claims of all collective action Class Members. This Final Judgment is equivalent to final judgment under Federal Rule of Civil Procedure 54(a) in terms of meaning, scope and impact.

The Arbitrator DIRECTS the ENTRY OF JUDGMENT on all issues in this Final Judgment.

Dated this 19 day of August, 2016

_____
Arbitrator Bruce Bennett